IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | CRIMINAL ACTION |
| v.        ) | |
| ) | No. 05-20108-KHV |
| FRANK R. RICHARDSON, JR.,        ) | |
| ) | |
| Defendant.        ) | |
| _____) | |

## ORDER

Defendant pled guilty to one count of possession of cocaine with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On March 1, 2007, the Court sentenced defendant to 63 months in prison. This matter comes before the Court on defendant's <u>Supplement To Motion For Return Of Property</u> (Doc. #65) filed July 30, 2007. In his motion, defendant seeks the return of a black male leather purse, $1,187.00 in currency and a diamond ring which officers allegedly seized at the time of his arrest. For reasons stated below, the Court overrules the motion.

Rule 41(g), Fed. R. Crim. P., provides as follows:

Motion To Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

On August 27, 2007, the Court heard testimony and arguments on defendant's motion. Based on the evidence at the hearing, the Court finds as follows:

On September 16, 2005, a Drug Enforcement Agency ("DEA") Task Force undercover officer conducted a controlled buy of cocaine base from defendant. When officers from the Gang

Task Force of the Kansas City, Missouri Police attempted to arrest defendant, he fled in a vehicle. After defendant wrecked the vehicle, he ran on foot. DEA Task Force and Kansas City police nonetheless apprehended and arrested him.

Defendant testified that when the officers arrested him, they seized a black male purse containing $1,187.00 and a diamond ring from his right pinkie finger. Defendant could not identify the officer or officers who allegedly took the items. Two of the officers who were involved at the scene after the arrest testified that they never saw a diamond ring. Although the police reports indicated that a small black purse was in the car, the reports did not indicate that any money was in the purse or that officers seized it. The car was towed and police reports do not mention a diamond ring or any currency. The list of seized property does not include a black purse, a diamond ring or any currency.

The government could have done a better job of explaining what happened to the car and the black purse, and whether non-testifying officers saw a diamond ring or any currency. In light of all of the evidence, however, defendant's testimony is insufficient to establish that the government seized *and now possesses* the black purse, the diamond ring and $1,187.00 in currency. It would therefore seem that plaintiff's remedy (if any) is not for return of the property but damages for its loss or destruction. See, e.g., Okoro v. Callaghan, 324 F.3d 488, 491 (7th Cir. 2003) (fact that government does not have property is ordinarily conclusive ground for denial of Rule 41(g) motion). Rule 41(g), however, does not authorize a suit against the United States for damages. See id.; see also United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (Rule 41(g) not intended to waive sovereign immunity of federal government). Further, although the Federal Tort Claims Act provides for damage claims against the federal government, it specifically excludes any claim arising from "the detention of any goods, merchandise, or other property by any . . . law enforcement officer," unless the property was seized for the purpose of forfeiture, and was not forfeited and the claimant

2

was not convicted of a criminal offense that would authorize forfeiture of the seized property. 28 U.S.C. § 2680(c)(1)-(4). Defendant does not allege facts that would support an exception to the exclusion, that is, that the property was taken for the purpose of forfeiture and was not forfeited.

The Seventh Circuit has suggested that if federal agents unlawfully hold or sell property that they seize while exercising official powers, the owner of the property is entitled to seek the return of the property or its proceeds from the agents under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Okoro, 324 F.3d at 491-92. A Bivens action thus might provide a remedy for defendant.

**IT IS THEREFORE ORDERED** that defendant's Supplement To Motion For Return Of Property (Doc. #65) filed July 30, 2007 be and hereby is **OVERRULED**.

Dated this 17th day of September, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge